IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID ALEXANDER f/k/a DWAYLON ALEXANDER,     Case No. 24-cv-740
an individual,

       Plaintiff,

  v.

SCOTT ANDREW RENNER, an individual;
VELO ASSOCIATES PLC, a domestic professional
limited liability company, D/B/A VELO LAW OFFICE,
D/B/A VELO LAW, D/B/A VELO GROUP,
D/B/A VELO COLLECT, D/B/A VLO,
D/B/A SEVENTY FIFTY CAPITAL,

       Defendants.

## COMPLAINT

### INTRODUCTION

1. Plaintiff, DAVID ALEXANDER ("ALEXANDER" or "Plaintiff"), who domiciled in the State of Arizona, brings this action against Defendant SCOTT ANDREW RENNER ("RENNER") and VELO ASSOCIATES, PLC ("VELO") and, (collectively Defendants), under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Regulation of Collection Practices Act, MCL 445.251 *et seq,* for engaging in issuing a wrongful garnishment similar to that in *Thompson v. Scott Andrew Renner, et al.*, 2021 WL 2434016 (W.D. Mich. Mar. 26, 2021) (Neff, J.) *aff'd* No. 21-1366, 2022 WL 1262002 (6th Cir. Apr. 28, 2022), whereas here the Michigan Court issuing the garnishment did not have jurisdiction over neither the Arizona debtor nor the debtor's employer, whose corporate office is located in the State of Oklahoma.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 (Federal Question), and 15 U.S.C. §1692k(d) (FDCPA), and under 28 U.S.C. § 1337 has supplemental jurisdiction over the state law claims as they arise out of a common nucleus of operative facts.

3. Venue and personal jurisdiction over Defendants are proper because Defendants principal place of business is located in Grand Rapids, Michigan, and they do business within the District.

## PARTIES

4. VELO, who holds itself out as a collection agency and law firm in one, is owned by or its president is Scott Andrew Renner, a licensed attorney in the State of Michigan who is licensed to practice law in several states: Michigan Bar No. P73003, North Dakota Bar ID 09959, Ohio Attorney Registration Number 99691, Indiana Attorney Number 33897-76, Montana date of admission 5/25/2010.

5. RENNER established the policies, procedures, and practices of VELO.

6. VELO is a Domestic Professional Limited Liability Company, with its principal place of business located at 1750 Leonard St., NE, Grand Rapids, MI, and its registered agent is Cascade Agent Solutions, LLC, 1740 Leonard St., NE, Grand Rapids, MI, but according to Kent Count, no address exists for 1740 Leonard St., NE, Grand Rapids, MI, only 1750 Leonard St., NE, Grand Rapids, MI, exists:



And 1750 Leonard St., NE, Grand Rapids, MI, is owned by Rouge Properties, LLC, its Registered Agent Cascade Agent Solutions, LLC, 1740 Leonard St., NE, Grand Rapids, MI, and Rouge Properties, LLC, is on information and belief a company established by RENNER to, in part, avoid potentially higher class action damages in cases brought under the Fair Debt Collection Practices Act, using Doris Hendrain as the "Organizer", whom was approximately 90 years old at the time Rouge Properties, LLC's Articles of Organization were filed with the State of Michigan, and who at the time was RENNER's great aunt.

7. RENNER went to law school specifically to be a debt collector attorney

8. VELO represents creditors in collecting past-due accounts.

9. Defendants file, or cause to be filed, collection lawsuits on behalf of others in the State of Michigan, and other states.

10. VELO's revenue primarily comes from the collection of debts.

3

11. VELO engages in a volume debt collection business having collected hundreds of millions of dollars for creditors throughout the country.

12. On information and belief, RENNER's business revenue primarily comes from the collection of debts.

13. VELO is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

14. RENNER is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

15. RENNER is a "debt collector as that term is defined 15 U.S.C. § 1692a(6).

16. VELO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6). *See Heintz v. Jenkins,* 514 U.S. 291, 299 (1995).

17. ALEXANDER is a natural person and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3)

18. RENNER, and VELO and its employee/agents, are "regulated persons" as defined by MCL 445.251(g) (x), (xi) in the, MCL 445.251, et seq., i.e. the Regulation of Collection Practices Act.

19. ALEXANDER is a person whom the Regulation of Collection Practices Act was intended to protect. *See* MCL 445.251(d).

## FACTS

20. ALEXANDER incurred a debt for personal, household, or family use, the ("subject debt").

21. ALEXANDER was sued on that subject debt and on December 29, 2014, a default judgment was entered against ALEXANDER in the case titled, *Merchants Credit Recourse Inc.*

4

*as Assignee of Chase Bank USA N.A.,* 14-1947-GC (34th Dist. Ct., Wayne Co., MI.), hereinafter the ("state law action").

22. The amount of the judgment entered against ALEXANDER in the state court action was for $2690.62.

23. Neither Defendant was as attorney of record in the state law action.

24. ALEXANDER has not resided in the State of Michigan since 2016.

25. Defendants in November 2019 were sued in this Court under the FDCPA for "requesting and filing a [wage] garnishment against Plaintiff's Illinois employer when the issuing court lacked jurisdiction". *Thompson*, 2021 WL 2434016, at * 2.

26. ALEXANDER is domiciled in State of Arizona.

27. All of ALEXANDER's income is earned in the State of Arizona.

28. ALEXANDER is not subject to taxation in the State of Michigan.

29. Defendants would have been on notice, or had in their files, that despite garnishments being sent to the State of Michigan from 2016 to 2023, the State of Michigan did not hold any tax refund monies for ALEXANDER.

30. Defendants have the ability to skip-trace persons and on information and belief would have skipped-traced Plaintiff returning on out-of-state address.

31. In 2024, Defendants, without filing an appearance in the state law action, submitted to the 34th Judicial District Court a Request for Writ of Garnishment, with the Garnishee being in the State of Oklahoma.

32. ALEXANDER was eventually provided a copy of one page, the Request and Writ for Garnishment (Periodic) when he asked his employer why his paycheck was being reduced. (Exhibit A).

33.     ALEXANDER's wages are protected by Arizonia law which prohibits the garnishment of more than ten percent of an employee's wages or sixty times Arizona's minimum wage whichever is less.  A.R.S. § 33-1131.

34.     Defendants however caused garnishment of twenty five percent of ALEXANDER's periodic wages by sending the employer Michigan's Garnishee Calculation Sheet revised 4/14.

35.     As of July 11, 2024, Defendants caused $1,359.14 to be garnished from ALEXANDER's periodic wages, and more monies since then have been withheld from his periodic wages, and ALEXANDER's damages will increase if more money if garnished from his periodic wages.

36.     ALEXANDER eventually retained counsel in Michigan, whom filed an emergency motion to quash the garnishments, with the motion fee being $20.60.

37.     ALEXANDER has been monetarily damaged by Defendants' conduct complained of.

38.     ALEXANDER has suffered emotional distress and lost opportunity, most notably cannot move out of his apartment as he had planned on doing.

39.     ALEXANDER does not know how the "total amount of judgment interest accrued to date" and the "total amount of postjudgment costs accrued to date" amounts were calculated, and places Defendants on notice that if those amounts are not correct or permitted by law, he will move to amend the complaint under the relation back doctrine to add counts under the FDCPA and MRCA, and if numerosity exists, will bring them as class claims.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT

40. ALEXANDER incorporates paragraphs 1-38 herein.

41. ALEXANDER does not work in the State of Michigan

42. The Michigan Court did not have jurisdiction over ALEXANDER's employer as required under MCL 600.4011.

43. ALEXANDER's employer does not have any property of ALEXANDER located within the State of Michigan.

44. Defendants were fully aware of the out of state location of ALEXANDER's employer.

45. The was no justifiable legal basis for Defendants to cause to be issued the garnishment to ALEXANDER's employer.

46. RENNER by sending a garnishment to the State of Oklahoma was engaging in the practice of law without a license in the State of Oklahoma. *See* Nicholas R. Hood, Oklahoma Debt Collection Laws, p. 4.

47. It was unreasonable for Defendants to cause ALEXANDER's wages to be garnished without the Michigan default judgment being first "domesticated" in the State of Arizona under Arizona's Enforcement of Foreign Judgments Act.

48. In Arizona, a judgment creditor must "domesticate" the out-of-state judgment in the state the judgment debtor resides, or in which property belonging to the debtor is in, prior to legally being able to initiate a garnishment of the out-of-state judgment debtor.

49. When a judgment creditor takes steps to "domesticate" an out-of-state judgment, the judgment debtor can in that state they live in challenge the underlying judgment, for example on the basis of the lack of proper service of process on the debtor, the deprivation of due process

7

of the debtor, or the named plaintiff / judgment debtor was not the proper party in interest.

50. Defendants are purposefully evading Arizona's procedural safeguards that are in place when an out-of-state judgment creditor attempts to "domesticate" an out-of-state judgment.

51. Defendant's practice of not following Arizona enforcement of foreign judgments act and not domesticating the Michigan judgment in the state the debtor is residing in, is contrary to one of Congress' purposes when it legislated the FDCPA which is "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged", 15 U.S.C. § 1692(e), as it saves Defendant's costs from having to "domesticate" the out-of-state judgment in the state where the judgment debtor lives, which includes obtaining a certified copy of the foreign judgment, thereby increasing Defendant's profit margins.

52. Congress in enacting the FDCPA sought to protect consumers from among other acts, deceptive and unfair acts, and therefore the Act was not merely procedural, but substantive and of great importance.

53. The harm alleged here is precisely the type of misconduct that the Act was intended to protect and therefore an injury-in-fact exists here.

54. Plaintiff has the legal procedural right not to be garnished by a court that does not have jurisdiction over him or his employer.

55. Defendant's conduct of wages being garnished without first "domesticating" an Oklahoma judgment violated the FDCPA, 15 U.S.C. §§ 1692e, e(5) which prohibits "[a]ny other false, deceptive, or misleading representation or means in connection with the debt collection in violation of 15 U.S.C. § 1692(e) Without limiting the general application of the foregoing, the following conduct is a violation of this section: (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . . ."

56. Defendant's conduct of wages being garnished without first "domesticating" an Oklahoma judgment violated the FDCPA, 15 U.S.C. § 1692f as "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

57. Should discovery determine that there are a sufficient number of persons that Defendants garnished, where the garnishment was Michigan sent out-of-Michigan, beginning on a date one-year from the filing of this lawsuit and continuing, Plaintiff places Defendants on notice that Plaintiff will seek leave to amend this complaint to assert class allegations for this Court I under the relation back doctrine.

WHEREFORE, Plaintiff individually, and if there exists a class then also on behalf of a class, requests this Court to enter judgment against Defendants for actual damages, statutory damages, attorney's fees and costs provided for under 15 U.S.C. § 1692k.

## COUNT II
## REGULATION OF COLLECTION PRACTICES ACT

58. ALEXANDER incorporates paragraphs 1-38 and 41-54 herein.

59. Federal Court's interpreting the sections of the RCPA look to federal opinions addressing the mirror provisions found in the FDCPA for guidance. *Gamby v. Equifax Info Servs. LLC*, 462 F. App'x 552, 553 (6th Cir. 2012) (unpublished).

60. Defendants conduct, including causing the garnishment of ALEXANDER violated MCL 445.252(e) which prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. . . ."

61. Defendants willfully violated MCL 445.252(e).

62. Defendants conduct, including causing the garnishment of ALEXANDER violated MCL 445.252(f)(ii) which prohibits, "Misrepresenting in a communication with a debtor 1 or more of the following: (ii) The legal rights of the creditor or debtor."

9

63. Defendants willfully violated MCL 445.252(f)(ii).

64. Should discovery determine that there are a sufficient number of persons that Defendants garnished, where the garnishment was Michigan sent out-of-Michigan, beginning on a date six-years from the filing of this lawsuit and continuing, Plaintiff places Defendants on notice that Plaintiff will seek leave to amend this complaint to assert class allegations for this Court II under the relation back doctrine.

WHEREFORE, Plaintiff individually, and if there exists a class then also on behalf of a class, requests this Court to enter judgment against Defendants for actual damages, treble actual damages, statutory damages, attorney's fees and costs provided for under MCL 445.257.

Respectfully Submitted,
*/s/* Curtis C. Warner

Curtis C. Warner
c/o Kelley & Evanchek, PC
43695 Michigan Ave
Canton, Michigan 48188
(607) 438-3011 (Dir.)
cwarner@warner.legal